UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DWAYNE KULA, individually and as sole )
shareholder of Everlite 99, LLC, and DRK )
Enterprises, LLC; DRK ENTERPRISES, )
LLC; and EVERLITE 99, LLC, for itself )
and derivatively as shareholder of EWM )
International, LLC, )
    Plaintiffs, )
)
v. )   C.A. No. 17-297-JJM-PAS
)
EVERY WATT MATTERS, LLC; EWM- )
LED, LLC; ASB HOLDING GROUP, )
LLC; GEORGE BLACKSTONE; )
STANLEY BRETTSCHNEIDER; )
ANDREW BRETTSCHNEIDER; and )
NEAL FORSTHOEFFEL, )
    Defendants. )
)

## ORDER

This action arises from a business deal involving Plaintiffs Dwayne Kula, DRK Enterprises, and Everlite 99, and Defendants Every Watt Matters, EWM-LED, ASB Holding Group, George Blackstone, Stanley Brettschneider, Andrew Brettschneider, and Neal Forsthoeffel. Defendants have moved to dismiss the matter under Federal Rule of Civil Procedure 12(b)(2), (3), and (6) for lack of personal jurisdiction, improper venue, and failure to state a claim. ECF No. 22. The Defendants have also moved to strike Plaintiffs' purported sur-reply to the motion to dismiss. ECF No. 42. For the reasons discussed below, the Court exercises its discretion to transfer this action under 28 U.S.C. § 1404(a) and DENIES both motions as moot.

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Transfer under § 1404(a) is not dependent on the initial forum being "wrong," and allows for transfer "to any district where venue is also proper." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 579 (2013). "It is well settled that a court may transfer a case sua sponte" under this provision. *Desmond v. Nynex Corp.*, 37 F.3d 1484, 1994 WL 577479, *3 (1st Cir. 1994).

Most relevant to this case, § 1404(a) "provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Atl. Marine*, 134 S. Ct. at 579. Furthermore, "proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)); *see also Rivera v. Centro Médico de Turabo, Inc.*, 575 F.3d 10, 18 (1st Cir. 2009) (forum selection clauses prima facie valid and should be enforced unless unreasonable).

In this case, the Plaintiffs assert several contractual claims against the Defendants, including a derivative claim for breach of contract (Count I), a claim for breach of the implied covenant of good faith and fair dealing (Count III), and a claim for breach of fiduciary duty (Count IV). The contract central to these claims appears to be the amended agreement governing the operation of EWM International, Inc., an entity comprised of Mr. Kula, Mr. Blackstone, and Messrs. Brettschneider, via

their respective memberships in the entities Everlite, Every Watt Matters, and ASB Holding Group. *See* ECF No. 1 ¶¶ 14, 33, 34, 41, 45, 49. This contract, attached by Plaintiffs as Exhibit A to their Complaint, contains the following clause:

> 18.13 <u>Venue</u>. Any action or proceeding arising out of this Agreement will be litigated in courts located in King County, Washington. Each party consents and submits to the jurisdiction of any local, state, or federal court located in King County, Washington.

ECF No. 1-1 at 18.

This is a mandatory forum selection clause. *See Rivera*, 575 F.3d at 17 (holding that "the threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory," and that "[p]ermissive forum selection clauses, often described as 'consent to jurisdiction' clauses, authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere . . . . In contrast, mandatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum" (second alteration in original) (quoting 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3803.1 (3d ed. 1998))); *Summit Packaging Sys., Inc. v. Kenyon & Kenyon*, 273 F.3d 9, 12 (1st Cir. 2001) ("The parties' choice of the word 'will'—a word 'commonly having the mandatory sense of "shall" or "must"'—demonstrates their exclusive commitment to the two named forums. Most succinctly, the plain meaning of the phrase 'will be submitted' is that the course of action is required, not discretionary." (quoting *Black's Law Dictionary* 1102 (6th ed. 1991))).

A mandatory forum selection clause has a "strong presumption of enforceability," and ought to be enforced unless the resisting party can show one of

3

three criteria: "that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching . . . [or that] enforcement would contravene a strong public policy of the forum in which suit is brought." *Rivera*, 575 F.3d at 18 (alterations in original) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

First, Plaintiffs argue that enforcing this clause would be unreasonable because not all parties in this action are privy to this contract. Aside from the fact that all Plaintiffs in this action assert all of the contract claims against all Defendants, *see* ECF No. 1 ¶¶ 67–72, 77–85, it is clear that at least Plaintiff Everlite 99 and Defendants Every Watt Matters and ASB Holding Group are privy to the contract.[1] *See* ECF No. 1-1 at 20. To transfer some of the claims as to some of the parties while not transferring the others would "ignore the fundamental principle of judicial economy." *Rivera*, 575 F.3d at 24. As the First Circuit has held, "'claims involving the same operative facts' as a claim for breach of contract that is subject to a forum selection clause should also be litigated in the forum chosen by the parties." *Id.* (quoting *Lambert v. Kysar*, 983 F.2d 1110, 1121 (1st Cir. 1993)).

Second, there is no evidence of fraud. For a forum selection clause to be unenforceable because of fraud, Plaintiffs must show that the inclusion of *that clause* in the contract was the product of fraud or coercion. *Lambert*, 983 F.2d at 1121 (citing

---

[1] The contract was signed by George Blackstone for Every Watt Matters, Dwayne Kula for Everlite 99, and Stanley Brettschneider for ASB Holding Group. ECF No. 1-1 at 20.

4

*Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974)). Plaintiffs have not done so.

Finally, Plaintiffs have offered no evidence that enforcing this forum selection clause would contravene a strong public policy of this forum.

Accordingly, to effectuate the mandatory forum selection clause, the Court exercises its discretion under 28 U.S.C. § 1404(a) and orders this action transferred to the United States District Court for the Western District of Washington.[2] Defendants' Motion to Dismiss (ECF No. 22) and Motion to Strike (ECF No. 42) therefore are DENIED as moot.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

March 29, 2018

---

[2] In their Motion to Dismiss, the Defendants sought only dismissal. *See* ECF No. 22; *see also Claudio-de León v. Sistema Universitario Ana G. Méndez*, 775 F.3d 41, 46 n.3 (1st Cir. 2014) (noting that "absent a clear statement from the Supreme Court to the contrary, the use of Rule 12(b)(6) to evaluate forum selection clauses is still permissible in this Circuit"). At oral argument, however, Defendants' counsel acknowledged that there is "no reason" why the Court should not exercise its discretion under 28 U.S.C. § 1404(a) and transfer this matter instead.