UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DWAYNE KULA, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>EVERY WATT MATTERS, LLC, et al.,<br><br>        Defendants. | C18-471 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The complaint in this matter alleges primarily state law claims and premises jurisdiction in part on diversity. The complaint alleges that plaintiff Dwayne Kula is a resident of Rhode Island and is the sole member of plaintiffs DRK Enterprises, LLC and Everlite 99, LLC. The complaint further alleges that Every Watt Matter International, LLC ("EWM International") is a Washington limited liability company, but the Washington Secretary of State has no record of such entity. *See* https://www.sos.wa.gov/corps/. The caption of the complaint identifies a different entity as a defendant, namely Every Watt Matters, LLC, which is an active Washington limited liability company. *See id.* Whether the complaint's allegations concerning EWM International are actually about Every Watt Matters, LLC is unclear, but to the extent they are, the Court does not have diversity jurisdiction. According to the complaint, plaintiff Everlite 99 is a member of EWM International. Assuming that EWM International and defendant Every Watt Matters, LLC are the same entity, then at least one plaintiff and one defendant are citizens of the same state, namely Rhode Island. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (a limited liability company is a citizen of every state in which its members are citizens).

MINUTE ORDER - 1

(2) Because the only basis of jurisdiction appears to be plaintiffs' federal claim under the Racketeer Influenced and Corrupt Organizations provisions of the Organized Crime Control Act of 1970, Pub. L. 91-452 (the "RICO Act"), the Court hereby DIRECTS plaintiffs to file a RICO case statement within twenty-eight (28) days of the date of this Minute Order. **Failure to adequately respond to this Order might result in dismissal of this case without prejudice for lack of subject matter jurisdiction.** The RICO case statement shall include the facts upon which plaintiffs are relying to support their RICO claim as a result of the "reasonable inquiry" required by Federal Rule of Civil Procedure 11. The RICO statement shall be in a form using the numbers and letters as set forth below, and shall state in detail and with specificity the following information:

1. <u>RICO Provision</u>: State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d).

2. <u>Defendants</u>: List each RICO defendant and state the alleged misconduct and basis of liability of each RICO defendant.

3. <u>Other RICO Violators</u>: List all alleged RICO violators other than the RICO defendants listed above, and state the alleged misconduct of each alleged wrongdoer.

4. <u>Victims</u>: List the alleged victims and state how each victim was allegedly injured.

5. <u>Pattern of Racketeering Activity</u>: Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

   a. List the alleged predicate acts and the specific statutes that were allegedly violated;

   b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

   c. If the RICO claim is based on the predicate offenses of mail fraud, wire fraud, or fraud in the sale of securities, then state the circumstances constituting fraud "with particularity," Fed. R. Civ. P. 9(b), including the time, place, and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

        d.      State whether there has been a criminal conviction for violation of the predicate acts and, if so, provide particulars;

        e.      State whether civil litigation has resulted in a judgment with respect to the predicate acts and, if so, provide particulars; and

        f.      Describe how the predicate acts are both "related" and "continuous" within the meaning of <u>H.J. Inc. v. Nw. Bell Tel. Co.</u>, 492 U.S. 229, 239 (1989), and its progeny, including <u>Allwaste, Inc. v. Hecht</u>, 65 F.3d 1523, 1527 (9th Cir. 1995).

6. <u>Enterprise</u>: Describe in detail the alleged enterprise and specify what structure it had. A description of the enterprise shall include the following information:

        a.      State the names of the individuals, partnerships, corporations, associations, or other legal entities, that allegedly constitute the enterprise;

        b.      Describe the structure, purpose, function, and course of conduct of the enterprise;

        c.      State whether any defendants are employees, officers, or directors of the alleged enterprise or are associated with the alleged enterprise;

        d.      Describe the alleged relationship between the activities of the enterprise and the alleged pattern of racketeering activity, and discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all; and

        e.      Describe how the enterprise was affected by or benefitted from the alleged pattern of racketeering activity.

7. <u>Interstate or Foreign Commerce</u>: Describe the effect of the activities of the enterprise on interstate or foreign commerce.

8. If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information: (i) State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and (ii) Describe the use or investment of such income.

9. If the complaint alleges a violation of 18 U.S.C. § 1962(b), provide the following information: (i) Describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise; and (ii) State whether

the same entity is both the liable "person" and the "enterprise" under § 1962(b).

10. If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information: (i) State who is employed by or associated with the enterprise; and (ii) State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

11. If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

12. <u>Injury to Business or Property</u>: Describe (i) the alleged injury to business or property, and (ii) the direct causal relationship between the alleged injury and the violation of the RICO Act.

13. <u>Damages</u>: List the damages sustained by reason of the alleged violation of § 1962, indicating the amount for which each defendant is allegedly liable.

(3) The Court has received a letter from Andrew V. Achiron of Silverman Shin & Byrne PLLC, dated May 4, 2018, requesting an extension of the deadline for defendants to file a responsive pleading or motion. Mr. Achiron is not yet admitted pro hac vice.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record and to Andrew V. Achiron, Silverman Shin & Byrne PLLC, 88 Pine Street, 22nd Floor, New York, NY 10005.

Dated this 10th day of May, 2018.

<u>William M. McCool</u>
Clerk

<u>s/Karen Dews</u>
Deputy Clerk

MINUTE ORDER - 4